In the Matter of Louis F. Felice, Petitioner, against John R. Swezey, as Mayor of the Village of Patchogue, et al., Respondents.

In the Matter of Louis Cario, Petitioner, against John R. Swezey, as Mayor of the Village of Patchogue, et al., Respondents.

Supreme Court, Special Term, Suffolk County, September 28, 1951.

*Griffing & Smith* for Louis F. Felice, petitioner in Action No. 1 and respondent in Action No. 2.

*Harold Ashare* for Louis Cario, petitioner in Action No. 2, and for John R. Swezey and others, respondents.

DALY, J. On March 26, 1951, George Fiala resigned his office as trustee of the Village of Patchogue. Since the vacancy occurred otherwise than by expiration of his term, the board of trustees had the power to fill the vacancy and did so on the same day, appointing the petitioner Felice. Fiala's term would have expired in April, 1952. The question presented by these two proceedings under article 78 of the Civil Practice Act is whether Felice's appointment was for a term expiring in April, 1951, or April, 1952. It is conceded by all parties hereto that the annual election for the year 1951 took place on March 20, 1951, and that the official year ended at noon on April 2, 1951.

Section 61 of the Village Law provides, in part, as follows: " Vacancies occurring otherwise than by expiration of term in a village office, shall be filled by the board of trustees, if the office be elective, until the end of the current official year * * *. If a vacancy in an elective office occurs within less than twenty days prior to an annual election, and such office is not to be filled at such election, the appointment shall be for a term which will expire at the end of the next official year."

Petitioner Cario and the respondents maintain that the literal language of the above-quoted statute limited Felice's appointment to the balance of the current official year, to wit, from March 26, 1951, to April 2, 1951. Petitioner Felice contends that the intent of the Legislature was to limit the appointment to the current year only when the vacancy occurred more than twenty days before the election.

It would appear that the Legislature in enacting section 61 of the Village Law had in mind that vacancies in office might occur in either of two periods, (1) in time to permit the filling of the vacancy at the next annual election and (2) cases where the vacancies occurred too late to be filled at the next annual election, to wit, less than twenty days prior to said election. While it is true that a vacancy occurring after the election does not literally occur " within less than twenty days prior " thereto, it comes within the spirit of the second type of vacancies envisaged by the Legislature, to wit, those which occur too late to be filled at the annual election. Were we to interpret it otherwise, it would appear that vacancies could be filled in

such instances only for the comparatively short period of thirteen days or less. In most cases it would be unnecessary to fill the vacancy at all for such a short time. This intent of the Legislature is borne out by analogous statutes, as, for example, section 38 of the Public Officers Law, subdivision 5 of section 64 of the Town Law, subdivision 7 of section 400 of the County Law, and others. We therefore come to the conclusion that the Legislature intended that vacancies occurring more than twenty days prior to the annual election could be filled only for the balance of the current year, but those occurring after twenty days before the election should be filled until the end of the next official year, thus permitting the appointee to serve until his successor has been chosen at the next annual election.

It is elementary that where the intent of the Legislature is plain it must prevail over the literal context of the statute. In *Blaschko* v. *Wurster* (156 N. Y. 437) the Court of Appeals said: '' When the intention of the lawmakers is discovered it must always prevail over the literal or accepted meaning of words. The courts will consider the mischief which the statute was aimed at, and in order to give it effect words absolute in themselves, and language the most broad and comprehensive, may be qualified and restricted by other parts of the same statute, or by the facts and circumstances to which they relate.'' (Pp. 442–443.)   (See, also, *People ex rel. Frost* v. *Wilson*, 62 N. Y. 186, 196.)

We come to the conclusion, therefore, that petitioner Felice was appointed for a term expiring in April, 1952. His application is accordingly granted and the application of petitioner Cario is denied. In view of this determination it becomes unnecessary to rule on the motion of petitioner Felice to strike paragraphs 16 and 17 from the petition of petitioner Cario.

Settle orders on notice.